**UNITED STATES of America,**
**Appellee,**

v.

**Horace Everett TOMLINSON,**
**Defendant–Appellant.**

**No. 99–1775.**

United States Court of Appeals,
Second Circuit.

Jan. 17, 2001.

Frederick E. Schmidt, Stavis & Kornfeld, N.Y., NY, for appellant.

Douglas E. Gregory, Ass't U.S. Att'y, WDNY, Rochester, NY, for appellee.

Present KEARSE, JACOBS, and JOSÉ A. CABRANES, Circuit Judges.

*SUMMARY ORDER*

This cause came on to be heard on the record from the United States District Court for the Western District of New York, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.

Defendant Horace Everett Tomlinson appeals from a judgment entered in the United States District Court for the Western District of New York, following a jury trial before David G. Larimer, *Chief Judge*, convicting him of unlawfully reentering the United States without the permission of the United States Attorney General, after having been deported following conviction of an aggravated felony, in violation of 8 U.S.C. § 1326. Tomlinson was sentenced principally to 92 months' imprisonment, to be followed by a three-year term of supervised release. On appeal, Tomlinson contends principally that he was denied a fair trial because, at trial,

Immigration and Naturalization Service agent Maurice Pierre gratuitously referred to Tomlinson's "extensive criminal history." We see no basis for reversal.

Tomlinson, who represented himself at trial, failed to object to the agent's trial testimony and did not request a curative instruction. Indeed, when the trial court *sua sponte* offered to give an immediate curative instruction, Tomlinson declined. Accordingly, his present contention is reviewable only for plain error, *i.e.*, an error that prejudicially affected his "substantial rights" and "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings," *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (internal quotation marks omitted); *see also* Fed.R.Crim.P. 52(b). We see no such error here.

First, unlike the cases relied on by Tomlinson, such as *United States v. Rinaldi*, 301 F.2d 576 (2d Cir.1962), Pierre's reference to Tomlinson's criminal history was not gratuitous or irrelevant, nor was it elicited by the government. Tomlinson's defense at trial was that he was not the "Horace Tomlinson" whose deportation Pierre had overseen. Pierre did not remember the entire deportation process and was asked why he remembered Tomlinson. He testified to the factors that made Tomlinson memorable, including the fact that Tomlinson had been well-behaved just prior to deportation, which was uncommon for most persons being deported. On recross-examination, Tomlinson asked Pierre, *inter alia*, "You stated you don't recall putting a Horace Tomlinson on a plane? . . . . So how is it you recall his character?" Pierre's response included the facts that Tomlinson had an extensive and violent criminal history and that Pierre had therefore expected him to misbehave; and the fact that Tomlinson did not misbehave made Pierre remember

Tomlinson. It would, of course, have been within the trial court's discretion under Fed.R.Evid. 403 to preclude reference to Tomlinson's prior history on the ground that its potential for undue prejudice substantially outweighed its probative value; however, given that Tomlinson put his identity in issue and asked a question that referred to his "character," we cannot conclude that Pierre's reference to Tomlinson's past record was nonresponsive, irrelevant, or gratuitous.

Second, there was ample evidence to establish Tomlinson's guilt of unlawful reentry into the United States as a previously deported alien. The record contained proof that Tomlinson was an alien, that he had been deported to Jamaica, that he subsequently was found in the United States, and that he had not been given permission by the Attorney General to reenter the United States. The evidence that he was the same Horace Tomlinson who had been deported included his fingerprints.

Finally, the trial court gave an appropriate cautionary instruction, despite Tomlinson's objection, informing the jury that

> [w]hether Mr. Tomlinson had some type of prior contact with the criminal justice system is not relevant to the elements and issues that you have to decide at this trial. The fact, if it is a fact, that Mr. Tomlinson had some prior contact with the criminal justice system, has no bearing on whether he did the acts charged in this indictment. Even if you believe Mr. Tomlinson had some prior contact with the criminal justice system, you may not draw any inference from that fact to conclude that Mr. Tomlinson engaged in or must have engaged in the illegal conduct charged in this indictment. Mr. Tomlinson is not on trial for any act or conduct that's not set forth in this indictment.

In all the circumstances, we cannot conclude that Pierre's mention of the fact that Tomlinson had an extensive criminal history affected Tomlinson's substantial rights or seriously affected the fairness of his trial.

We have considered all of Tomlinson's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.